R. M. BOURDEAUX *v.* THE BOARD SUPERVISORS, WARREN COUNTY.

1. SHERIFF. *When he cannot take appearance bond.*
 It is not proper for a sheriff to take bond for the appearance of a prisoner whom he has arrested upon a *capias* returnable forthwith during the term at which it was awarded; but it is his duty to take the prisoner immediately to court. Code 1880, ? 340.

2. SAME. *Improper execution. Alias capias and costs thereon. Case in judgment.*
 But, if the sheriff who has improperly taken bond from the prisoner arrested upon such a *capias*, appears and shows cause why the fine which is invoked against him because of such neglect should not be imposed, it is error for the court to refuse him the compensation provided by law for his properly executing the *alias capias*.

3. CONVEYING PRISONER. *Mileage.*
 Under ? 447, code 1880, the allowance to a sheriff removing a prisoner is, for both *going and returning,* twenty cents for every mile; and not twenty cents for every mile going and twenty cents for every mile returning.

APPEAL from the circuit court of Warren county.

HON. RALPH NORTH, Judge.

The appellant, as sheriff of Lauderdale county, acting under a *capias* from the circuit court of Warren county, which *capias* was returnable forthwith during the term of court at which it was awarded, arrested a prisoner and took bond for his appearance. Upon return of the *capias* and bond to the circuit court of Warren county, the district attorney moved that a fine be imposed on the sheriff for failing to properly execute the *capias*, and he was cited to show cause why such fine should not be imposed. Appellant appeared and showed cause and satisfied the court that the fine should not be imposed. An *alias capias* directed as in the first instance to appellant, was by him properly executed and the prisoner conveyed to the court, which was still in session. The appellant asked the court to allow him the sum of fifty-six dollars mileage for conveying the prisoner from Lauderdale to Warren county, which sum included twenty cents for every mile going and a like

amount returning. From the judgment of the court disallowing this account, this appeal is taken.

*McCabe & Anderson,* for appellant.

The reason given by the court for refusing to allow the claim of appellant was that he had not properly executed the first *capias.* By the action of the court in setting aside the rule to show cause why he should not be fined, it absolved appellant of any fault in that regard, and it should not, after that, have punished him by disallowing the claim for mileage.

*T. M. Miller,* attorney-general, for appellee, made an oral argument.

ARNOLD, C. J., delivered the opinion of the court.

The *capias* being returnable *forthwith,* during the term of the court at which the same was awarded, it was not proper for the sheriff to take bond for the appearance of the accused, after he had arrested him. Code, § 340 ; *Moss* v. *The State,* 6 How. 298. It was the duty of the sheriff, after arrest, to take the prisoner immediately to court according to the mandate of the writ.

After the sheriff had responded to the motion to show cause why he should not be fined for failure to properly execute the *capias,* and had shown cause and satisfied the court that the fine should not be imposed, and the motion had been dismissed, it was error to refuse to allow him the compensation provided by law, for the due execution of the *alias capias.* He had answered for his delinquency and had obtained the judgment of the court in his favor, in regard to the execution of the *capias,* and he could not be held liable on that account again.

But the claim of the sheriff, as propounded, should not have been allowed in full. By § 447 of the code, a sheriff is allowed, for removing a prisoner on *habeas corpus,* change of venue, or otherwise, for every mile—*going and returning*—twenty cents. By the account presented, the sheriff claimed twenty cents per mile for going, and twenty cents per mile for returning. This was not according to the statute. The statute provides twenty cents per mile, in such case, as compensation, both for *going and returning,* and it

does not authorize the allowance of twenty cents per mile for going, and twenty cents per mile for returning.

> *The judgment is reversed and the cause remanded.*